UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Case No. 15-40234

RICKY HARBIN, and                          Chapter 13
JACQUETTE HARBIN,

                                                        Judge Thomas J. Tucker

                   Debtors.
_____/

**OPINION AND ORDER GRANTING DEBTORS' MOTION SEEKING
AUTHORIZATION FOR THE CHAPTER 13 TRUSTEE TO DISBURSE FUNDS
RECEIVED "POST-EXPIRATION"**

This case is before the Court on a motion by the Debtors entitled "Debtor[s'] Motion Seeking Authoriz[a]tion for the Chapter 13 Trustee To Disburse Funds Received Post-Expiration" (Docket # 115, the "Motion"). Although the Motion is not labeled as a proposed plan modification, the Court construes the Motion, in effect, as a proposed modification of the Debtors' 60 month confirmed Plan, to continue to provide for the 60 months of periodic payments to the Trustee (which the Debtors' Motion says were all paid before the Plan expired), *plus* provide for the additional payment that the Debtors made to the Chapter 13 Trustee in September 2020, which was after the 60-month Plan expired. No one timely filed an objection to the Motion, and the Debtors filed a Certification of Non-Response on March 19, 2021 (Docket # 117).

For the reasons stated below, the Court will grant the Debtors' Motion, but for reasons that are somewhat different from those presented by the Debtors in the Motion.

Bankruptcy Code § 1329(c) provides:

> (c) A plan modified under this section may not provide for
> payments over a period that expires after the applicable
> commitment period under section 1325(b)(1)(B) after the time that

> the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, **but the court may not approve a period that expires after five years after such time.**

11 U.S.C. § 1329(c) (emphasis added). The relief sought by the Motion would, in effect, modify the Debtors' confirmed Chapter 13 Plan by permitting and requiring the Trustee to apply funds paid to the Trustee in September 2020, after the 60-month expiration of the confirmed First Amended Plan, in violation of 11 U.S.C. § 1329(c). The Debtors' 60-month plan was confirmed on July 24, 2015 and provided that the "Debtor[s'] Plan Length shall be 60 months from the date of entry of the Order Confirming Plan" (Docket ## 46, 55). So the Debtors' September 2020 payment to the Trustee was made after the date the Plan expired on July 24, 2020, and also after the 60-month period under § 1329(c) expired. The approval of such a proposed plan modification would normally be impermissible, because the plan as modified would exceed the five-year limit in 11 U.S.C. § 1329(c). *See, e.g., In re Cassini*, 614 B.R. 554, 556 (Bankr. E.D. Mich. 2020); *In re Powell*, 583 B.R. 695, 696 (Bankr. E.D. Mich. 2018); *In re Humes*, 579 B.R. 557, 567 (Bankr. D. Colo. 2018); *In re Jacobs*, 263 B.R. 39, 49-50 (Bankr. N.D.N.Y. 2001); *In re DeBerry*, 183 B.R. 716, 717-18 (Bankr. M.D.N.C. 1995); *In re Cutillo*, 181 B.R. 13, 16 (Bankr. N.D.N.Y. 1995); *but see Touroo v. Terry* (*In re Touroo*), No. 18-13365, 2019 WL 2590751 (E.D. Mich. June 25, 2019).[1]

---

[1] Although the decision of the United States District Court in the *Touroo* case is from this judicial district, and reversed a decision of the undersigned judge, the district court's decision in *Touroo* is not binding on this Court in cases other than the *Touroo* case itself, as a matter of *stare decisis*. See *First of America Bank v. Gaylor* (*In re Gaylor*), 123 B.R. 236, 241–243 (Bankr. E.D. Mich. 1991); *see also In re James*, 489 B.R. 731, 745 (Bankr. E.D. Tenn. 2013); *In re Romano*, 350 B.R. 276, 277-81 (Bankr. E.D. La. 2005); *cf. In re Ulrich*, 517 B.R. 77, 87 (Bankr. E.D. Mich. 2014). This Court respectfully disagrees with the district court's decision in the *Touroo* case, and declines to follow it in other cases, including this case.

However, in this case, the proposed plan modification is permissible, notwithstanding § 1329(c). This is because of the "Coronavirus Aid, Relief, and Economic Security Act" (the "CARES Act") provision that added, effective March 27, 2020, new § 1329(d) to the Bankruptcy Code. Section 1329(d), which was added to the Bankruptcy Code by § 1113(b)(1)(C) of the CARES Act, permits modification to increase the length of a confirmed Chapter 13 plan to up to 7 years, under certain circumstances. Section 1329(d) provides, in relevant part:

> (d)(1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection, the plan may be modified upon the request of the debtor if—
>
> (A) **the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic**; and
>
> (B) the modification is approved after notice and a hearing.
>
> (2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.

11 U.S.C. § 1329(d) (emphasis added).

The Debtors meet the requirements of § 1329(d)(1), because of what the Debtors allege in paragraph 14.b of their motion for hardship discharge (Docket # 116),[2] a motion for which the deadline for objections has passed and no one objected to. The Debtors allege, in relevant part that:

> modification of the Plan would not be practical or feasible, as the

---

[2] The Debtors filed the motion for hardship discharge as alternative relief, which Debtors seek in the event the Motion is denied.

3

15-40234-tjt    Doc 122    Filed 03/22/21    Entered 03/22/21 17:09:39    Page 3 of 4

> Plan was expired. It would be inequitable to require dismissal or conversion of this matter when Debtors paid into their Plan for 60 months, and paid the amount needed to complete the case within 60 days of expiration. Due to the heart attack of the Debtor and need for 24 hour attention, Co-Debtor [is and/or was] not able to get employment that would allow her to work part-time hours because companies were not hiring during the Covid-19 pandemic.

(Docket # 16 ("Debtor[s'] Motion for Hardship Discharge Pursuant to 11 USC § 1328(b)") at 3 ¶ 14.b).

Accordingly,

IT IS ORDERED that the Motion (Docket # 115), as construed by this Court, is granted.

IT IS FURTHER ORDERED that the Chapter 13 Trustee is permitted and required to use the funds received from the Debtors in September 2020, and distribute those funds under the Debtors' confirmed plan.

**Signed on March 22, 2021**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge